Judge Buckner
delivered the opinion of the Court.
On the 17th of July, 1802, Elizabeth Burton, widow, and administratrix of the estate of her deceased husband, Allen Burton, executed her promissory note, to William Hall, for the payment of twenty-five pounds, four shillings, twelve months after date. She died, having published her last will and testament; and Robert Burton, the defendant in error, who was her son, was appointed her executor. William Hall also died, having made his will, naming N. Greenwood executor, and Elizabeth Hall, his then wife, executrix thereof. They each qualified as such.
In May, 1820, the executor and executrix of Hall, instituted an action of de )t on the note aforesaid, against the defendant in • -ror, who confessed judgment for the debt and interest, subject to a credit of three pounds, eighteen shillings, paid 12th of September, 1803.
The judgment was offered with the following agreement, entered on the record:
“With the assent of the plaintiff, the defendant reserves to himself, the same right to resort to a court of equity, as if the judgment had not been confessed; and the plaintiff further agrees, that it shall be no bar to the defendant’s equity herein, that the defendant hath not plead or ¡nade defence at law.”
*568 Burton’s executor then filed his bill in chancery, making (he executor and executrix of Hall, defendants, to be relieved against the judgment aforesaid.
The following case is exhibited, as the grounds for the interference of the chancellor.
■ Said Allen Burton, father of the complainant, died, leaving several children, his heirs at law and devi-sees, among whom was Elizabeth Hall, who, as before stated, was the widow- and executrix of William Hall, the obligee, to whom said nolo had been executed, as a part of the portion of said Allen’s estate, to which the wife of said Hall was entitled. After the execution of the note, W. Hall, the obligee, had borrowed, ■or in some other way, received from the obligor $1705 which he was bound to account for to her. He also receiyed for her, from a man by the name of Bibb, £50, due from said Bibb, to the obligor, for the hire of a slave, which sums he had never paid.
For many years before his death, William Hall, the obligee, was indebted to the obligor, in a much larger amount than was sufficient for the discharge of said note.
An injunction against the judgment was prayed for and obtained.
The executor and executrix of said William Hall, filed their separate answers, in which they state that some years previous to said Elizabeth Burton’s death, William Hail the obligee, who was son-in-law, had acted as her agent, and had no doubt, collected for. and paid over to her, various sums of money; that he did so collect from Bibb, and pay to her 50/, due to her for the hire of a slave. They admit that he had borrowed from said E. Burton, the $170 mentioned in the bill, but that he afterwards returned it to her. They deny that the note for 25/ 4 shillings had been paid, and say, that when the money collected from Bibb was paid over, and the ‡ 170 borrowed as abové stated, were returned to said Elizabeth Burton, she requested her son in law. Hall, to indulge, as to the note for 25/ 4.? until her death.
They rely upon the further ground, that by the will of-aid Elizabeth, their testator bad been released worn all responsibility, as to the said 50/, and the *569 $170. If it were even'true, that he had failed toac-count for them, the will is made an exhibit in the cause, and contains among other provisions, the following clause:
“After the payment of all my just debts and fu•neral expenses, I give and bequeath to my son Robert Burton, and his heirs forever, all my estate, either real or personal, that I have now in my possession, and all that my son Allen Burfon, and my daughters M.iry Williams, and Elizabeth Hall have received of, or from me, I give and bequeath to them and their heirs forever.”
The depositions read by complainant, prove that Win. Hall, the testator of the plaintiffs in error, had, as agent, received of Bihb for the testatrix, for the hire of a slave, a wagon load of salt, thirteen or fourteen years previous to April, 1824, amounting to about fifty bushels.
A witness for Hall stated, that he saw him pay to Mrs. Burton twenty dollars, which was a balance due for salt, as they both at the time told him.
It was also proved, that said W. Hall acknowledged that he received of Bibb twenty-five pounds in silver, for the hire of a negro man, which belonged to Mrs. Burton; and that he had borrowed of her a considerable sum of money, but when or where, the acknowledgment was made, the witness did not state; the sum borrowed was supposed by witness who saw it, to be a hundred dollars or more.
By the decree of the circuit court, the injunction was perpetuated, and Hall’s executor and executrix subjected to the payment of costs. To reverse it they prosecute this writ of error.
It was insisted by the counsel of the defendant in error, that under the agreement of the parties, upon the confession of the agreement, he had a right to resort to a court of chancery for any remedy which he might have sought at law; but it is clear that the agreement, although more fully expressed than is usual on such occasions, does not substantially differ from the ordinary reservation of equity on a confession of judgment, where the party intends to apply to the chancellor. Consent could not. however, coufer *570 ajurisdiction, which, without such consent, the couiSr would not have possessed.
Chancellor may properly entertain jurisdiction to compel an al-lorvance of credits, for payments made on bond after day of breach, if chancellor belier'e that obligee and obligor, did agree, after breach of the bond,that “money, collected by ob-ligee for obli-gor, or that money, borrowed by ob-ligee from ob-ligor, should be retained by obligee, in satisfaction or payment of obligor’s bond,’ he has jurisdiction to injoin perpetually the judgment on the ground of payments, post diam.
The decree, therefore, if correct, as it relates to jurisdiction, must be supported, upon the general principles of chancery jurisdiction. The proof in the cause shews, that the claim for salt, if, upon allegation in the bill, it could have been considered as a ground of set-off, had been adjusted. It is not necessary therefore to consider that matter. Nor is it necessary to determine, whether, under the circumstances, the money received by Hall from Bibb, or that which he borrowed from his mother-in-law, can be successfully relied upon as a set-off against the judgment.
A court of chancery may properly entertain jurisdiction, to compel an allowance of credits for payments made on a bond after the day on which, by contract, they should have been made. If, therefore, from the answers and proof in the cause, the circuit court was justified in concluding, that the parties did agree that the money received by Hall from Bibb, or the $170 borrowed from Elizabeth Burton, deceased, should, so far as was necessary, be retained by Hall, in satisfaction and discharge of the note, the injunction was justly and properly perpetuated.
That such' a conclusion was fully warranted, under all the circumstances of the case, we have no doubt. Almost eighteen years had elapsed from the execution of the note, before the suit upon it was commenced. It had been due nearly seventeen years, without payment of interest, or demand; at least, there is no proof of such payment or demand, within that time. The small payment endorsed on the note, having been made not long after the note fell due.
We will not say, because it is not necessary to determine, wbat should have been the result, if, on the trial at law, the defendant, Burton, had plead solvit ad diem, and relied on the presumption. In a case reported in Cooper, page 109, Lord Raymond, on such plea, left it to the jury to determine, whether payment was to be presumed, after the note had been permitted to stand sixteen years, where there were circumstances to fortify the presumption of payment. *571 In this case the presumption of payment post diem, or an agreement between the parties, that the amount of the note for 25/4s should be retained out of the money borrowed by Hall from said Elizabeth, or of collected from Bibb is very strong. The evidence proves that Elizabeth Burton was not in embarrassed circumstances, as to her pecuniary matters. She, and the obligee lived in the same neighborhood. After the note was due, she loaned to him at one time $170, at another he received for her, more than sufficient to discharge what was due on her note to him. The answer of Hall’s executrix admits the borrowing of the $170, and the collection of the money from Bibb; and the force of that acknowledgment is not weakened by her further statement, that he had returned the first, and paid over the second. It was matter of avoidance, and required proof, without which it cannot be regarded.
Cunningham, for plaintiff; Maskin, for defendant;
If this view of the case be correct, the agreement concerning the release, need not be considered; But-we do not think it entitled to any weight, under any view of the case. The testatrix, Elizabeth Burton, was anxious to confirm by the will, the gifts of money or properly, which she had previously made to her children, it cannot be reasonably inferred, that she intended to embrace money not given to her daughters; but loaned to her son-in-law, and money which he had collected for her. And it is equally improbable, if she intended to embrace any part of these sums, that she would not, at least, have required the note which she had executed to her son-in-law to be considered as discharged.
The decree of the circuit court must be affirmed Wfith costs.